IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| STEVEN DESKINS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 3:14-mc-0748 |
| DEBRA JOHNSON, WARDEN, | ) ) Judge Trauger |
| Respondent. | ) ) |

## ORDER

Before the court is Steven Deskins' *pro se* "Motion for Relief from Judgment Under Rule 60(b)(6) or 60(d)(1)." (ECF No. 1.) In this motion, Deskins claims that his original § 2254 petition for habeas relief was denied on the basis that his claims were procedurally defaulted. He maintains that he is "simply making a procedural challenge to the Federal Court's procedural handling of his ineffective assistance of counsel claim." (ECF No. 1, at 3.)

The petitioner purports to bring his motion under Rule 60(d)(1), which states that Rule 60 "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ." This rule seems to permit a litigant to file a wholly separate lawsuit for relief under Rule 60, rather than a motion filed under the original docket number. It does not provide a substantive basis for relief. The petitioner also seeks relief under Rule 60(b)(6), which permits the court to relieve a party from a final judgment "for any other reason that justifies relief," other than those enumerated in Rule 60(b)(1)–(5).

The initial question before this court is whether the motion, based on the claims presented therein, actually qualifies as a Rule 60 motion for relief from judgment, or whether it should be treated as a second or successive habeas petition. *See Tyler v. Anderson*, --- F.3d ---- , 2014 WL 1465040, at *6 (6th Cir. April 15, 2014) ("A motion under Rule 60(b) may be treated as a second or successive habeas petition if necessary to enforce the requirements of the AEDPA. . . . A state prisoner may not file a second or successive habeas corpus petition until the court of appeals issues an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A)."). As the Sixth Circuit stated in *Tyler*:

> For purposes of [28 U.S.C.] § 2244(b), an "application" for habeas relief is a filing that contains one or more "claims." A motion contains a "claim," and is thus a successive habeas petition, if it asserts a federal basis for relief from the state court's judgment of conviction by seek[ing] to add a new ground for relief or attack[ing] the federal court's previous resolution of a claim on the merits. For present purposes, the term "on the merits" refers to a determination that there exist or do not exist grounds entitling the petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d). A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to the same requirements would be "inconsistent with" the statute.
>
> By contrast, a motion does not attack a determination on the merits, and is thus not a successive habeas petition, when it merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar. . . .In short, a motion is not a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction.

*Tyler*, 2014 WL 1465040, at *6 (most internal quotation marks and citations omitted). In other words, the operative question is whether Deskins presents new "claims of error" in his state conviction, or whether he seeks reconsideration of issues previously raised but, erroneously, not considered on the merits.

In his present motion, Deskins asserts three claims for relief, as follows:

a). The petitioner's Post-Conviction attorney was in error for not presenting any additional proof at the evidentiary hearing regarding the victim's competency to testify beyond that which was available at trial to establish that the trial court abused its discretion. Matter of fact the petitioner's post-counsel made no effort to establish that the victim was, in fact not competent to testify at trial causing procedural default.

b). The petitioner's Post-Conviction attorney was in error for not presenting any additional proof at the evidentiary hearing concerning trial counsel that the petitioner was in fact indigent and would have been entitled to State funds for expert services.

c). The petitioner's Post-Conviction attorney was in error for not presenting any additional proof at the evidentiary hearing that trial counsel was ineffective in defending the petitioner's coerced testimony. However, apart from the barest of allegations, the petitioner offered nothing substantive on this issue during the course of these proceedings.

(*Id.* at 2.) Based on the Supreme Court's decisions in *Martinez v. Ryan*, 566 U.S. ----, 132 S. Ct. 1309 (2012), and *Trevino v. Thaler*, 569 U.S. ----, 133 S. Ct. 1911 (2013), as well as the Sixth Circuit's opinion in *Sutton v. Carpenter*, 745 F.3d 787, 792 (6th Cir. March 19, 2014), Deskins insists that post-conviction counsel's ineffectiveness in failing to present these issues constitutes "cause" to overcome the procedural default of the same issues.

The cases upon which the petitioner relies established that the ineffective assistance of post-conviction counsel can, under certain circumstances, establish "cause" to excuse the procedural default of a defendant's substantial claim of ineffective assistance at trial. They do not apply in this case,

however, because the claims for relief presented in Deskins' original § 2254 petition were not found to be procedurally defaulted. In his original § 2254 petition, Deskins asserted four claims for relief: "1) defense counsel should have challenged the victim's competence to testify at trial; 2) defense counsel did not challenge reports that suggested sexual abuse; 3) defense counsel made no effort to suppress the petitioner's statements; 4) defense counsel failed to call necessary witnesses, failed to confer adequately with the petitioner, and failed to investigate the case." *Deskins v. Brandon*, No. 3:06-cv-01014, 2007 WL 4260884, at *2 (M.D. Tenn. Nov. 30, 2007). All of the claims were considered on the merits. *See id.* at *4–*10.

In other words, although the petitioner states that he seeks to reassert claims that were deemed procedurally defaulted, that assertion is patently not true. The claims asserted in the Rule 60 motion represent entirely new grounds for relief or, at best, new grounds for attacking the court's previous resolution of the claims on the merits.

Because the petitioner seeks to pursue new "claims," his motion can only be construed as second or successive petition under 28 U.S.C. § 2244, which this court lacks jurisdiction to consider in the absence of an order from the Sixth Circuit authorizing its filing.

Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45 (6th Cir. 1997).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge